**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| KAYE THORNELL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:15-cv-02020 |
| IMC CREDIT SERVICES, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT**
**TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, KAYE THORNELL ("Plaintiff"), by and through her

attorneys, Consumer Law Partners, LLC ("CLP"), complaining of IMC CREDIT SERVICES,

LLC ("Defendant"), as follows:

<u>NATURE OF THE ACTION</u>

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices

Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

<u>JURISDICTION AND VENUE</u>

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter

jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the

action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant maintains its

headquarters in the Southern District of Indiana, conducts business in the Southern District of

Indiana, and all of the events or omissions giving rise to the claims occurred within the Southern

District of Indiana.

1

## PARTIES

4.   Plaintiff is a 51 year old natural person, currently residing at 7844 East 33rd Street, Indianapolis, Indiana, which lies in the Southern District of Indiana.

5.   Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6.   Defendant is a "well-established, full service accounts receivable collection service offering medical creditors a number of proven bad debt, self pay early out and payment monitoring strategies…"[1]

7.   Defendant's headquarters is located at 6955 Hillsdale Court, Indianapolis, Indiana and is licensed with the Indiana Secretary of State under control number 2007113000302.

8.   Defendant regularly engages in the collection of delinquent consumer accounts on behalf of its clients.

9.   Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because among other activities, it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10.  On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2008.[2]

## FACTS SUPPORTING CAUSES OF ACTION

11.  Plaintiff suffers from a myriad of health problems which has caused her to amass a large amount of debt from a number of medical providers ("subject consumer debts").

---

[1] http://www.imccreditservices.com/about_us.html
[2] http://www.acainternational.org/memberdirectory.aspx

12.   Having not worked since 2010 and in the process of applying for disability income, Plaintiff has not had the financial means to pay the subject consumer debts.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

13.   Due to her lack of payment, many of Plaintiff's medical providers have turned the collection of the subject consumer debts over to Defendant for collection.

14.   Throughout 2015, Defendant has engaged in collection activity towards Plaintiff after she defaulted on the subject consumer debt.

15.   On September 15, 2015, Defendant caused to be filed a lawsuit against Plaintiff and her husband under case number 49K06-1509-SC-005276 ("small claims case") in the Warren Township Small Claims Court.  *See* attached Exhibit B is a true and correct copy of the docket from the small claims case.

16.   The small claims case seeks judgment in favor of Defendant for some of the subject consumer debts.[3]

17.   On December 14, 2015 at 4:05 pm EST, Plaintiff received a call from phone number (317) 829-0086.  *See* attached Exhibit C is a true and correct copy of a screenshot from Plaintiff's phone.

18.   Upon information and belief, the above is a phone number utilized by Defendant in its debt collection activity.

19.   During the December 14, 2015 phone call, Plaintiff was connected to a female representative of Defendant who was seeking payment of the subject consumer debts.  *See* Exhibit A.

20.   Plaintiff feels she was treated very rudely by Defendant during this conversation.  *Id.*

---

[3] Upon information and belief, Defendant is collecting on several different accounts against Plaintiff, not just those that are the subject of the small claims case.

21.    Defendant referenced the small claims case and informed Plaintiff that if she did not pay the subject consumer debts it would sue her again on new accounts placed in its office.  *Id.*

22.    Upset over Defendant's collection statements during the conversation, Plaintiff disconnected the phone call.

23.    Concerned over Defendant's threats, Plaintiff spoke with CLP regarding her rights.

24.    Plaintiff has incurred costs and expenses consulting with her attorneys as a result of Defendant's collection actions.

25.    Defendant's collection actions have caused Plaintiff to grow increasingly anxious over her financial situation.

26.    Plaintiff has been harassed by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27.    Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28.    The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. §1692d

> "A debt collector many not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the forgoing, the following conduct is a violation of this section: The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5)

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §1692f

29.    Defendant violated 15 U.S.C. §§1692d, e, e(5), and f through its debt collection actions when it threatened Plaintiff with new legal proceedings.  During the December 14, 2015 collection call, Defendant told Plaintiff that if she did not make payment on the subject consumer

4

debts that she would face a new lawsuit.  Based on these statements, it appears that Defendant received new collection placements against Plaintiff.  However, at the time the statement was made, neither Defendant nor any other party had initiated legal action against Plaintiff *with respect to the new placements*.

30.   As an experienced and sophisticated debt collector, Defendant knows how seriously statements regarding legal action are taken by consumers.  Defendant had already placed itself in a preeminent position over Plaintiff through the filing of the small claims case.  Attempting to exploit this position, Defendant made harassing statements to Plaintiff with the hopes of coercing her into payment.

31.   Actively participating in the small claims case, Plaintiff had demonstrated her willingness to be involved in that litigation.  Defendant should have completely segregated collection activity on new placements from the subject consumer debts associated with the small claims case.  By interweaving the subject consumer debts, Defendant sought to confuse Plaintiff and gain an unfair advantage over her.

32.   The above described conduct is the exact type of behavior that the FDCPA was enacted to protect against.

33.   As plead in paragraphs 24 through 26, Plaintiff was harmed by Defendant's harassing, deceptive, and unfair collection actions.

WHEREFORE, Plaintiff, KAYE THORNELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated:  December 21, 2015                    Respectfully Submitted,

                                            s/ Nathan C. Volheim
                                            Nathan C. Volheim, Esq. #6302103
                                            David S. Klain, Esq. #66305
                                            Counsel for Plaintiff
                                            Admitted in the Southern District of Indiana
                                            Consumer Law Partners, LLC
                                            435 N. Michigan Ave., Suite 1609
                                            Chicago, Illinois 60611
                                            (267) 422-1000 (phone)
                                            (267) 422-2000 (fax)